

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 2, 1947

Hon. Sam Dollahite
County Attorney
Falls County
Marlin, Texas

Opinion No. V-230

Re: Under constitutional
amendment of Article
VIII, Sec. 9, known as
"Reallocation of County
Funds Amendment," may
time warrants be issued
to mature more than six
years from the date of
reallocation election,
and related questions.

Dear Sir:

Your request for an opinion from this Department on the above subject matter is as follows:

"At the request of the Commissioners' Court of Falls County, I respectfully request your official opinion on the questions which are hereinafter stated.

"Acting pursuant to the 1944 amendment to Section 9 of Article VIII of the Constitution of Texas, an election was held in Falls County on the 5th day of November, 1946 to reallocate county taxes authorized by that section. In this re-allocation, the first 15¢ road and bridge tax was increased to 35¢.

"During the war years, the county was unable properly to maintain the county roads and to make improvements which are badly needed. The cost of making necessary repairs and improvements to the county roads is substantially more than the anticipated income of the county for road and bridge purposes during the current year. The Commis-

sioners' Court, therefore, desires to issue
time warrants for the purchase of necessary
road machinery and materials and to pay
labor bills for constructing and making
capital repairs to various county roads and
bridges.

"The former 15¢ limitation on road and
bridge taxes has been removed by the real-
location election and the county has the
right to levy a 35¢ tax for this purpose for
a period of six years from the date of the
election.

"The first question upon which we would
like to have your valued opinion is: May
the Commissioners' Court of Falls County
issue road and bridge time warrants under
the terms of the Bond and Warrant Law of
1931 and levy a tax of not to exceed 35¢ on
the $100 valuation for a period of six years
from the date of said re-allocation election,
provided that the remaining income to the
county for road and bridge purposes will be
sufficient to pay other reasonably antici-
pated normal expenses of maintaining the
county roads?

"The second question is: May such war-
rants be issued to mature beyond said six
year period provided the total debt service
requirements for said warrants, together
with debt service requirements on all other
road and bridge indebtedness, will not be
more than can be serviced from a 15¢ tax on
and after the end of such six year period?

"If your answer to the first question
is in the negative, then: What rate of tax
may be levied during such six year period
for the purpose of paying principal and in-
terest on road and bridge time warrants?"

Article VIII, Section 9, of the Constitution of
the State of Texas, as amended November, 1944, provides as
follows:

"The State tax on property, exclusive
of the tax necessary to pay the public debt,

and of the taxes provided for the benefit of
the public free schools, shall never exceed
thirty-five (35) cents on the one hundred
dollars valuation; and no county, city or
town shall levy more than twenty-five (25)
cents for city or county purposes, and not
exceeding fifteen (15) cents for roads and
bridges, and not exceeding fifteen (15) cents
to pay jurors, on the one hundred dollars
valuation, except for the payment of debts
incurred prior to the adoption of the Amend-
ment September 25, 1883; and for the erection
of public buildings, streets, sewers, water-
works and other permanent improvements, not
to exceed twenty-five (25) cents on the one
hundred dollars valuation, in any one year,
and except as is in this Constitution other-
wise provided; provided, however, that the
Commissioners Court in any county may re-
allocate the foregoing county taxes by chang-
ing the rates provided for any of the fore-
going purposes by either increasing or de-
creasing the same, but in no event shall the
total of said foregoing county taxes exceed
eighty (80) cents on the one hundred dollars
valuation, in any one year; provided further,
that before the said Commissioners Court may
make such re-allocations and changes in said
county taxes that the same shall be submitted
to the qualified property tax paying voters
of such county at a general or special elec-
tion, and shall be approved by a majority of
the qualified property tax paying voters,
voting in such election; and, provided fur-
ther, that if and when such re-allocations
and changes in the aforesaid county taxes
have been approved by the qualified property
tax paying voters of any county, as herein
provided, such re-allocations and changes
shall remain in force and effect for a period
of six (6) years from the date of the election
at which the same shall be approved, <u>unless
the same again shall have been changed by a
majority vote of the qualified property tax-
paying voters of such county, voting on the
proposition, after submission by the Commis-
sioners Court at a general or special elec-
tion for that purpose</u>; and the Legislature may
also authorize an additional annual ad valorem

tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This section shall not be construed as a limitation of powers delegated to counties, cities, or towns by any other section or sections of this Constitution." (Emphasis ours)

In construing the above constitutional amendment in connection with a similar question to the one now before us, it was held in our Opinion No. 0-6863, a copy of which is enclosed, that the county could issue bonds to mature more than six years from the date of reallocation election provided that the bonds could be serviced with its increase in tax assessment for such six-year period and the old constitutional limit of 15¢ thereafter. Opinion No. 6863 based its conclusions on the fact that if the people of the county voted the bond issue, the increased tax assessment would become obligated for a six-year period from the date of the reallocation election and the county would not be authorized to decrease the levy since such an act would be an infringement of the contract.

The question now before us is whether or not the holding in Opinion No. 0-6863 is applicable to the issuance of time warrants. Time warrants are issued by the Commissioners' Court, whereas bonds are only issued upon a vote of the property tax paying voters of the county. In other words, when bonds are issued, the increased tax assessment becomes obligated by the property tax paying voters of the county, but when time warrants are issued, the increased tax assessment becomes obligated by the Commissioners' Court.

We are therefore confronted with the case of San Saba v. McCraw, 108 S.W. (2d) 200, wherein the Supreme Court held S.B. 303, Acts of the 45th Legislature (an Act authorizing the Commissioners' Court on its own motion and without a vote of the property tax paying voters to issue funding bonds) unconstitutional. We quote the following from the

above mentioned case:

> "In the case at bar the qualified tax-
> paying voters of San Saba County voted under
> a law that secured to them the right to vote
> off such tax in two years, and, further, such
> voters voted under a law that guaranteed to
> them that the proceeds of such tax could never
> be charged with a bond issue. This law was
> passed for the purpose of putting into effect
> the constitutional provision authorizing such
> tax. Now, after such tax is voted, the Legis-
> lature, without the consent of the voters, has
> attempted to impair and destroy their rights
> existing at the time of the vote. To our minds
> such a legislative act not only violates the
> very constitutional provision authorizing the
> tax to be voted, but violates section 16 of
> article 1 of our State Constitution as well.
> David v. Timon, supra." (Underscoring ours)

It will be noted that the foregoing case based its conclusion on the fact that the property tax paying voters of San Saba voted under a law that secured to them the right to vote off such tax in two years and, therefore, the Legislature could not destroy their rights existing at the time of the vote. Therefore, if Section 9 of Article VIII guarantees to the property tax paying voters the right to vote off a tax levied under the reallocation election within the six-year period, the Commissioners' Court would not be authorized to issue time warrants once the reallocation has been made under the amendment. It is our opinion, however, that voters do not have the inherent right to vote off the reallocation prior to the end of the six-year term because only the Commissioners' Court is authorized to call an election for the reallocation of funds under said amendment. Once the Commissioners' Court has issued time warrants that are to be serviced out of the tax assessment levied under the reallocation election, the Commissioners' Court could not call an election within the six-year period to decrease such taxes, for such an action would constitute an infringement of the county's contract. Furthermore, it was held in the case of Patton v. Concho County, 196 S.W. 2d 833, that the county could purchase road machinery without advertising for bids. Since the above mentioned case was decided subsequent to the constitutional amendment, the Court seems to recognize that the county has the power to is- sue time warrants under said amendment.

Therefore, it is the opinion of this Department that

the Commissioners' Court of Falls County is authorized to issue Road and Bridge time warrants to mature during a six-year period from the date of the reallocation election, provided the time warrants, along with the other indebtedness, can be serviced within its increased tax assessment for a six-year period from the date of the reallocation election.

In answer to your second question, it is our opinion that the Commissioners' Court is authorized to issue time warrants to mature beyond said six-year period provided said time warrants can be serviced within its increased tax assessment for such six-year period and the old constitutional limit of 15¢ thereafter.

## SUMMARY

Under the amendment to Sec. 9 of Art. VIII, known as the "Reallocation of County Funds Amendment," the Commissioners' Court of Falls County is authorized to issue road and bridge time warrants to mature beyond the six-year period from the date of the reallocation election, provided the time warrants, along with the other indebtedness, can be serviced within the increased tax assessment for a six-year period from the date of the reallocation election and the old constitutional limit of 15¢ thereafter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:djm

Enclosure

This opinion has been considered and approved in limited conference.

APPROVED:

Price Daniel
ATTORNEY GENERAL